UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA J. GOULD,
an individual,

        Plaintiff,

   v.

ACCURATE INVENTORY &
CALCULATING SERVICE, INC.,
dba QUANTUM SERVICES,
and DOES 1-100,

        Defendants.

                              /

NO. CIV. S-09-2607 LKK/KJM

O R D E R

    This case concerns whether defendants established that diversity jurisdiction was proper in its removal to federal court. At issue is whether plaintiff's complaint satisfies the amount in controversy requirement for federal jurisdiction under 28 U.S.C. § 1332. For the reasons stated below, the motion to remand to state court is granted.

**I. BACKGROUND**

    On August 25, 2009, plaintiff Barbara J. Gould, a citizen of California, filed a complaint alleging violations of state

1

1  law against defendant Accurate Inventory & Calculating Service,
2  Inc., a corporation incorporated in Ohio and whose principal
3  place of business is also Ohio. In her complaint, plaintiff
4  seeks (1) general and special damages, (2) compensatory damages,
5  (3) past and future loss of earnings and earning capacity, (4)
6  punitive and/or exemplary damages, (5) attorneys fees and cost
7  of suit, (6) prejudgment interest, and (7) any other relief the
8  court deems just and proper. Plaintiff's complaint did not
9  specify a specific amount of damages, however plaintiff did
10 indicate on her complaint cover sheet that the complaint should
11 be classified as "unlimited," which indicates that the "amount
12 demanded exceeds $25,000." Under California law, state courts
13 may only reclassify a case as a limited civil action, i.e. one
14 where the amount demanded is $25,000 or less, when either "(i)
15 the absence of jurisdiction is apparent before trial from the
16 complaint, petition, or related documents, <u>or</u> (ii) during the
17 course of pretrial litigation, it becomes clear that the matter
18 will 'necessarily' result in a verdict below the superior
19 court's jurisdictional amount. . . ." <u>Ytuarte v. Superior Court</u>,
20 129 Cal. App. 4th 266, 276 (Cal. Ct. App. 2005) (quoting <u>Walker
21 v. Superior Court</u>, 53 Cal. 3d  257, 262 (1991)).
22      On September 19, 2009, defendant filed a notice of removal,
23 arguing that this court properly has jurisdiction under 28
24 U.S.C. § 1332, after filing an answer to plaintiff's complaint
25 in state court. Subsequently, plaintiff filed a motion to remand
26 her case to state court on October 9, 2009, arguing that

jurisdiction is not proper in this court because defendant has failed to show that the amount in controversy exceeds $75,000, as required for diversity jurisdiction.

Defendant presented the following evidence to support jurisdiction in federal court:

1. Plaintiff's annual compensation was approximately $27,937.00. Her potential claim for back pay is currently worth $6,984.00, but the amount of back pay will likely increase by the time of judgment.
2. Plaintiff seeks both past and future wages.
3. Plaintiff seeks compensatory damages, including damages for emotional distress. These damages can be substantial.
4. Plaintiff seeks punitive damages, "which (at a minimum) can range from two to three times the amount of general damages."
5. Plaintiff seeks attorneys fees, which are recoverable under the statute under which she brings her claims.
6. Several juries in California awarded damages in excess of $75,000 for employment cases.
7. Plaintiff refused to stipulate that damages will not exceed $75,000.

## II. ANALYSIS

When deciding whether a state court complaint that does not specify an amount of damages meets the amount in controversy requirement for diversity jurisdiction, the "defendant bears the burden of establishing, by a preponderance of the evidence, that

3

1 the amount in controversy exceeds" $75,000. Sanchez v.
2 Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). To
3 meet this burden, "the defendant must provide evidence
4 establishing that it is 'more likely than not' that the amount
5 in controversy exceeds that amount." Id. Here, defendant has
6 presented evidence that plaintiff's claim may exceed $75,000.
7 However, the only concrete calculation of plaintiff's potential
8 damages is her back wages, which are under $7,000. It does not
9 appear to the court that it is more likely than not that the
10 other sorts of damages plaintiff seeks would exceed $75,000. The
11 court consequently decides that defendant has not met its burden
12 to establish that the amount in controversy meets the requisite
13 minimum for diversity jurisdiction. Thus, the court grants
14 plaintiff's motion to remand to state court.
15     IT IS SO ORDERED.
16     DATED: October 30, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4